# Hoff's Appeal.

Where a mortgage creditor who had a lien upon one property of a debtor was subrogated to the rights of a prior judgment creditor, whose lien was upon two properties of the same debtor, the mortgage creditor could not levy his debt out of one of these properties conveyed by the debtor to a bona fide purchaser, for value, without notice of the lien of the judgment.

March 2d 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Common Pleas of *Berks county :* Of January Term 1877, No. 173.

The facts briefly were these.   In 1874 James M. Phillips owned a property in the city of Reading, which was encumbered by the lien of a judgment of Henrietta C. Addams, which judgment was entered originally April 11th 1870, and a mortgage of Henry A. Hoff, dated October 29th 1873.   In 1874 Phillips purchased additional property and the Addams judgment having been revived in 1875, become a lien also upon this property.   In July 1875 Phillips sold the last acquired property to George E. Reiff for a valuable

[Hoff's Appeal.]

consideration.   Reiff had no knowledge of the lien of the judgment. In April 1876 the sheriff sold the property of Phillips, which, after paying some other prior liens, left only sufficient to pay the Addams judgment.   Hoff then obtained a decree without notice to Reiff, which subrogated him to the rights under the Addams judgment, and then levied on the property which had been conveyed by Phillips to Reiff.   The latter asked the court, Sassaman, A. L. J., to vacate this decree, in so far as it applied to his property, which decree was made and was the error assigned.

*Cyrus G. Derr*, for appellant.—Hoff was entitled to be subrogated to the rights under the Addams judgment as against Phillips, their common debtor: Delaware & Hudson Canal Co.'s Appeal, 2 Wright 512, and if entitled to this equity against their debtor he was entitled thereto against his vendee who purchased after the rights of lien creditors had become fixed.   Reiff acquired no greater rights than Phillips had, and if Phillips could not ask to be relieved from the lien of the Addams judgment, how could Reiff do so ? To the contention that when a judgment debtor sells one of his properties those retained are primarily liable for the payment of the judgment, the answer is, that Hoff's equity was superior to Reiff's, as, at the time of the conveyance to Reiff, it already existed and was upon record, and the latter, therefore, took the property with all its imperfections on its head.   Reiff's rights, as held by the court below, were not intervening rights ; they supervened, not intervened, and were not prejudiced by the subrogation.

*William P. Bard*, for appellee.—The acknowledged principle, that when a creditor has a lien upon two funds in the hands of the same debtor, and another creditor has a lien upon only one of the funds, the first may in equity be compelled to levy his debt out of the fund to which the other cannot resort, has never prevailed except in cases where both funds were in the hands of the common debtor of both creditors.

In this case the debtor, Mr. Phillips, has aliened one property to Reiff, on which the Addams judgment, by reason of said revival, became a lien, and hence it did not remain a fund or property in the hands of a common debtor.   Subrogation is founded upon principles of equity and benevolence, and is not to be allowed except in clear cases, where it works no injustice to others : Wallace's Estate, 9 P. F. Smith 405.

Chief Justice AGNEW delivered the opinion of the court, March 12th 1877.

The liens against Phillips, the owner of the estate in question, stood in this order, viz. : Two mortgages to Nichols, a judgment of Henrietta Addams, and a judgment of Rufus Addams, these all in

1870. Then two judgments in 1872, and lastly, Hoff's mortgage in 1873. In December 1874 Phillips acquired title to the property in question. In March 1875 Henrietta Addams revived her judgment against Phillips, and it then became a lien against this after-acquired property. In July 1875 Phillips conveyed this property to Reiff bona fide and for a full consideration. In April 1876 the property bound by the Nichols mortgages, the judgment of Henrietta Addams and the Hoff mortgage was sold at sheriff's sale and the proceeds applied to the Nichols mortgages, the judgment of Henrietta Addams and part of the judgment of Rufus Addams. Hoff then got an order subrogating his mortgage to the judgment of Henrietta Addams. This was done without notice to Reiff, the purchaser of the after-acquired property. Hoff was proceeding to sell this property on the H. Addams judgment, when Reiff asserted his process, and the court revoked the former decree of subrogation. The simple question is, whose equity is superior, Reiff's or Hoff's. It is contended that Hoff's is, because H. Addams's revived judgment was a prior lien when Reiff purchased. If Phillips, the defendant, were the party contesting Hoff's equity, there is no doubt that he must give way. But this is not a mere question of lien, but of equity in the administration of a matter of pure benevolence; and benevolence to Hoff, which is not of right, cannot be administered by ruining others. GIBSON, C. J., said in Miller *v.* Jacobs, 3 Watts 477, "The rule which gives a separate creditor the exclusive enjoyment of his own peculiar fund is founded in benevolence, and regulated in its application by the nicest principles of justice, for which reason it will not be enforced to cast the debt on one who is but surety, or is not otherwise bound to bear it." This principle has been frequently recognised: McGinnes's Appeal, 4 Harris 448. Now when Phillips sold to Reiff he had a perfect right to sell and Reiff to buy so far as Hoff was concerned. Hoff had no right at law to interfere. He had no lien on the after-acquired property sold to Reiff and his mortgage was not taken in view of this property, as bound to others. The only risk Reiff took upon himself was of the judgment of Henrietta Addams. When she was satisfied his property was cleared of her lien. Her judgment was extinguished by the sale of Phillips's other property. Phillips then stood in the relation of principal to Reiff, for by the covenant in his deed contained in the words "grant, bargain and sell," he was bound to Reiff to remove the encumbrance from his property. We have, therefore, the case of one who, in fact, stands superior to a surety, who was a bona fide purchaser of the property for a full consideration, who had no knowledge in fact of the lien of Henrietta Addams's judgment, who owed no duty to Hoff, upon whose land Hoff had no legal claim, and from which the burthen of Henrietta Addams's judgment was removed by a legal extinguishment of her debt. It is clear, therefore, that Hoff has no equity which he

[Hoff's Appeal.]

can work out, except by displacing a bona fide purchaser, who is prior in time, superior in claim on Phillips, the common debtor, and who must lose all his money in case he is displaced. When he purchased Hoff had no lien on his land, and no equity to look to property not owned by Phillips when Hoff took his mortgage, and which then was not bound to others as a security for their liens. It would not be pure benevolence to substitute him to the injury of Reiff.

The court below was, therefore, right in revoking the improvident order of subrogation made without notice to Reiff, and leaving the parties as they were when the proceeds of the sheriff's sale extinguished the Henrietta Addams judgment.

> Decree affirmed at the cost of the appellant and the appeal dismissed.